# Supreme Court of the State of New York
# Appellate Division: Second Judicial Department

D62044
G/afa

_____AD3d_____          Argued - September 25, 2019

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.

───────────────────────────────

2017-01413                 OPINION & ORDER

In the Matter of Oleg Cassini, deceased.
Marianne Nestor Cassini, petitioner-appellant;
John J. Barnosky, etc., et al., objectants-respondents.

(File No. 34100G)

───────────────────────────────

        APPEAL by the petitioner, Marianne Nestor Cassini, the former executor of the estate of Oleg Cassini, in a probate proceeding in which she petitioned for judicial settlement of her intermediate account of the estate, from an order of the Surrogate's Court (Margaret C. Reilly, S), dated December 12, 2016, and entered in Nassau County. The order denied the petitioner's motion for an adjournment of the trial date.

        Seddio & Associates, P.C., Brooklyn, NY (Frank R. Seddio and Mischel & Horn, P.C. [Scott T. Horn], of counsel), for petitioner-appellant.

        Farrell Fritz, P.C., Uniondale, NY (John J. Barnosky pro se and Robert M. Harper of counsel), for objectants-respondents.

SCHEINKMAN, P.J.               This appeal is one of several arising out of a protracted and vigorously contested probate proceeding involving the estate of the internationally renowned fashion designer Oleg Cassini (hereinafter the decedent), who died in March 2006. The factual background is set forth in the opinion and order decided herewith in connection with four

related appeals (*Matter of Cassini*, ___ AD3d ___ [Appellate Division Docket No. 2018-00747]). For the purpose of the resolution of this appeal, the salient facts may be summarized relatively briefly.

Factual Background

The decedent was survived by his wife, Marianne Nestor Cassini (hereinafter Marianne), and his two daughters from a previous marriage, Christina Cassini (hereinafter Christina) and Daria Cassini (hereinafter Daria). The decedent's last will and testament was admitted to probate in August 2007, and, pursuant to its terms, Marianne was appointed executor of the decedent's estate. Christina subsequently petitioned to remove Marianne as executor and, in 2014, pursuant to a stipulation entered into between the parties, Marianne resigned as executor and the Public Administrator of Nassau County (hereinafter the Public Administrator) was appointed to administer the decedent's estate.

During the course of this litigation, Marianne was represented by J. Vincent Reppert, of the law firm of Reppert Kelly, LLC (hereinafter RK), as well as by Charles H. Kaplan, of the law firm of Sills Cummis & Gross P.C. (Sills Cummis), in three proceedings. The three proceedings consisted of: (1) a proceeding to judicially settle the intermediate account of the estate (hereinafter the Accounting Proceeding); (2) a proceeding for the turnover of certain assets allegedly belonging to the estate (hereinafter the Turnover Proceeding); and (3) a proceeding to settle the account of a supplemental needs trust established for the benefit of Daria (hereinafter the SNT Proceeding).

In July 2015, Reppert notified the Surrogate's Court that he had a "medical condition" that required surgery and requested an adjournment of the trial in the Accounting Proceeding, which was scheduled to commence in August 2015. The court granted the request, largely, but not entirely, because of Reppert's health condition. A subsidiary reason for the adjournment was the need for the court to determine certain motions, which were not decided until October 9, 2015.

In December 2015, RK and Sills Cummis each filed separate motions for leave to withdraw as counsel of record for Marianne in each of the three pending proceedings. In a supporting affirmation, Reppert advised the court that "Marianne specifically requested [him] to work on this action based on a pre-existing work relationship" and that "[f]or medical reasons, [he has] not been able to fully return to the practice of law full-time since July of 2015." Reppert stated that both he and his partner, Christopher Kelly, advised Marianne that RK "would have to move to

withdraw as counsel" and that RK "will provide all records in [its] possession and will attempt to assist as much as reasonably possible with any transition." The motions, which were returnable on January 13, 2016, were unopposed.

By two orders dated February 16, 2016, the Surrogate's Court granted RK's motions for leave to withdraw as counsel for Marianne in the Turnover Proceeding and the SNT Proceeding, respectively, finding that Reppert was "unable to continue to represent [Marianne] due to health reasons." According to Kelly of RK, RK did not receive copies of those orders until March 14, 2016. The court also granted Sills Cummis's motions for leave to withdraw as counsel in all three proceedings. After several inquiries by Kelly as to the status of his firm's motion for leave to withdraw from the Accounting Proceeding, court personnel, on May 23, 2016, transmitted to RK a copy of an order dated March 14, 2016, granting its motion for leave to withdraw as counsel for Marianne in the Accounting Proceeding. This order contained a finding by the court that Reppert was unable to continue to represent Marianne due to health reasons. It also contained a provision staying all proceedings in the Accounting Proceeding for a period of 30 days from its date.

A court conference was held on June 8, 2016, at which Marianne appeared with an attorney, Robert McKay. The proceedings on June 8, 2016, were not transcribed. However, according to an order dated June 9, 2016, issued by the Surrogate's Court for the purpose of memorializing the conference, the court directed that the trial of the Accounting Proceeding would commence on July 25, 2016, that the trial dates could not be adjourned without court approval, and that "[t]he trial shall proceed whether the parties are represented by counsel or not." While not mentioned in the June 9, 2016, order, it is undisputed that McKay decided against undertaking Marianne's representation and declined to file a notice of appearance.

On July 11, 2016, Marianne, acting pro se, moved for an adjournment of the trial date. In a supporting affidavit, Marianne stated that, "[i]mmediately upon learning that [her] attorney's application to withdraw was granted in this proceeding, [she] began attempting to locate and secure new counsel." She claimed that "[d]uring the months of April and May, [she] met with no less than five (5) or six (6) law firms regarding the status of [her] case and their possible engagement." She emphasized that "during this time period, there was no trial date in place and [she] informed these attorneys of this as this was very important to potential new counsel." Marianne stated that when the Surrogate's Court indicated during the conference on June 8, 2016, that the trial would

commence on July 25, 2016, McKay "resigned on the spot" and told her that "there was no possible way he could prepare and represent [her] properly in this action on such short notice." Marianne requested "an additional 60 days to locate and retain competent counsel and allow them sufficient time to review the file so as to represent [her] properly."

The objectants in the Accounting Proceeding, John J. Barnosky and Alexandre Cassini Belmont, as executors of the estate of Christina (who died in 2015), and as successor administrators of the estate of Daria (who died in 2010) (hereinafter together the objectants), opposed Marianne's motion, arguing that Marianne "has embroiled the Estate in years of litigation," "delayed and stalled the resolution of this accounting proceeding . . . for several years," and "has obstructed discovery; frustrated efforts to administer the Estate's assets; and endeavored to avoid a trial." The objectants asserted that Marianne commenced the Accounting Proceeding in January 2011, that the trial was originally scheduled for August 2015, but was adjourned at the request of Reppert, and that Marianne had notice as early as December 2015 that she would need to retain new counsel. The objectants further contended that they have "suffered tremendous prejudice as a result of Marianne's history of causing delays" inasmuch as they "have not (a) obtained a final resolution in this proceeding; (b) collected on the claims that they have, for which a trial is necessary; or (c) even had their 'day in court.'"

Marianne's motion for an adjournment remained undecided when the trial commenced on July 25, 2016. As reflected in our opinion and order on a related appeal (*Matter of Cassini*, ___ AD3d ___ [Appellate Division Docket No. 2018-00747; decided herewith]), of which we take judicial notice (*see Matter of Newton v McFarlane*, 174 AD3d 67, 77; *Matter of Allen v Strough*, 301 AD2d 11, 18), the trial commenced as scheduled. Soon after the parties gave their appearances, the following occurred:

> "[MARIANNE]:          Okay, your Honor, I respectfully request permission to make a statement before the trial starts on the record. I'm here today because despite motions and requests for an adjournment, this Court has directed that the trial must start today.
>
> "I state for the record that despite my efforts to secure counsel, I have been unsuccessful. I do not have counsel and cannot adequately represent myself. Repeated efforts by me to seek an adjournment so that I could be represented by counsel today have been denied by this Court. Numerous motions have been brought by me which have a bearing on this trial [and] have not been

ruled upon by this Court.

"In fact, Mr. Robert McKay, Esquire, attempted to bring a motion before this Court with undisclosed information which is extremely pertinent to this case. This Court refused to hear him. Mr. McKay even acknowledged that the motion was ready because he could not come out to handle the entire case. I spoke with another attorney versed in court work this past Friday. He declined [the] representation because he did not feel that he could properly prepare in time for the date set by this Court to start the trial.

"With all due respect to this Court, my biggest deterrent in my ability to secure representation is the Court's refusal to permit counsel time to prepare. There are 28 boxes of legal documents that need to be reviewed.

"Once again, I respectfully request an adjournment so I may secure counsel with adequate time to prepare. I firmly believe that the Court's failure to grant an adjournment will seriously prejudice my case and create a serious injustice which creates a denial to my counsel.

"THE COURT:              Your application is denied. Have a seat.

"[MARIANNE]:              Then do I get an order?

"THE COURT:              Order the transcript."

There was further discussion, wherein Marianne repeatedly expressed her desire to have an attorney, before there was a recess so that exhibits could be marked. During the discussion, the court offered the following explanation for its ruling:

"THE COURT:              You have had ample opportunity to secure the services of an attorney. In fact, in this case, you have had numerous attorneys who you have either sued or let go or they have asked to be relieved. So your application is totally without merit. Do you understand that?

"[MARIANNE]:              I don't.

"THE COURT:              We are going forward with this. This accounting was through the year 2010. There has been an injustice in this case that has lasted over 10 years since Oleg Cassini's death that his estate has not been wrapped up. This Court is going forward."

Following the recess, the court announced that it appeared Marianne had left. She did not return during the trial.

February 13, 2020                                                                 Page 5.
MATTER OF CASSINI, DECEASED

According to the decision after trial, the trial took place on July 25, 26, and 27, 2016. The evidence presented included exhibits numbered to 171 and 3 witnesses.

By decision and order on motion dated August 9, 2016, this Court, inter alia, denied, as academic, that branch of Marianne's motion which was to stay the trial in the Accounting Proceeding.

Thereafter, by order dated December 12, 2016, the Surrogate's Court denied Marianne's motion for an adjournment "as moot," since "[t]he trial of this proceeding has already taken place in July of 2016." Marianne appeals.

<u>Legal Analysis</u>

We begin our analysis by expressing our disagreement with the determination by the Surrogate's Court, supported on appeal by the objectants, that the motion for an adjournment of the trial was moot. The motion was not moot when it was made on or about July 11, 2016, and it was not moot on its return date, July 20, 2016. While the court did not issue a written decision on Marianne's written motion for an adjournment, the court orally denied Marianne's oral application for an adjournment at the start of the trial on July 25, 2016. The court should have, but did not, issue a written order denying Marianne's written motion for an adjournment. Because the court did not issue a written order determining the written motion for an adjournment, Marianne was not able to pursue an appeal as of right from the oral determination denying her request for an adjournment. While Marianne did purportedly appeal from, and also sought leave to appeal from, an order dated June 9, 2016, her appeal purportedly taken as of right was dismissed and that branch of her motion which was for leave to appeal was denied by decision and order on motion of this Court dated August 9, 2016.

Since Marianne did all that she reasonably could to preserve her right to appeal from the Surrogate's Court's denial of her written request for an adjournment of the trial, we cannot say that the court's five-month delay in issuing a formal written denial rendered her motion moot and impervious to appellate review.

Similarly, the objectants' contention that this Court's decision and order on motion dated August 9, 2016, determined that the adjournment application was moot, is unavailing. This Court's determination of August 9, 2016, concluded that the branch of Marianne's motion which was to stay the trial in the Accounting Proceeding pending appeal was academic, as distinct from the

MATTER OF CASSINI, DECEASED

underlying motion for an adjournment being academic.  The branch of the motion which was to stay the trial pending appeal was academic for two distinct reasons: (1) since the appeal was dismissed and leave to appeal was denied, there was no appeal pending; and (2) the trial had, in any event, been concluded.

An appeal is not moot "[w]here the case presents a live controversy and enduring consequences potentially flow from the order appealed from" (*Matter of New York State Comm. on Jud. Conduct v Rubenstein*, 23 NY3d 570, 576).  On the other hand, "[a]n appeal is moot 'unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment'" (*id.* at 576, quoting *Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714).  Here, enduring consequences flow from the order appealed from since, absent a reversal of the order appealed from, the Surrogate's Court's determination after a trial in which Marianne did not participate will bind the parties.  Conversely, upon a reversal and the granting of Marianne's motion for an adjournment, the existing posttrial determination will no longer be of any force and effect and a new determination will be needed following a new trial.  For these reasons, neither the underlying motion for an adjournment nor this appeal is moot.

Turning to the merits, it is well settled that the grant or denial of a motion for an adjournment for any purpose is a matter resting within the sound discretion of the trial court (*see Yuliano v Yuliano,* 175 AD3d 1354, 1357; *Matter of Cruz v Figueroa*, 132 AD3d 669, 670).  "In making such a determination, the court must undertake a balanced consideration of all relevant factors" (*Matter of Sicurella v Embro*, 31 AD3d 651, 651).  Those "factors include the merit or lack of merit of the action, the extent of the delay, the number of adjournments granted, the lack of intent to deliberately default or abandon the action, the length of the pendency of the action, and the prejudice or lack thereof to the opposing party" (*Yuliano v Yuliano*, 175 AD3d at 1357).  We would add to this list of factors the complexity of the issues presented.  Under the circumstances of this case, we conclude that the denial of the requested 60-day adjournment of the trial was an improvident exercise of discretion (*see Warner v Orange County Regional Med. Ctr.*, 126 AD3d 887).

The record before us does not support the Surrogate's Court's statement that Marianne had had numerous attorneys whom she "either sued or let go or they have asked to be relieved."  Indeed, the record here is silent as to Marianne having had any involvement with any

attorneys other than RK, Sills Cummis, and McKay.  To the extent that we may take judicial notice of the prior court decisions in this sprawling record, we do take notice that Marianne commenced an action to recover damages for legal malpractice against a law firm that had previously represented the estate years earlier (*see Nestor v Putney Twombly Hall & Hirson, LLP*, 153 AD3d 840).  However, the events that gave rise to that litigation date back well prior to 2011 (*see Matter of Cassini*, 95 AD3d 1311).  For all that is before us, the record is unrefuted that the only attorneys who represented Marianne in this estate litigation since 2011 were Reppert and Kaplan.[1]

There is no evidence that Marianne let go any attorneys, at least in the sense that she discharged any attorneys.  While the Surrogate's Court's statement that Marianne had attorneys who asked to be relieved is literally true, the record indicates that the only attorneys who asked to be relieved were Reppert and Kaplan, both on the ground that Reppert was too ill to continue with the representation, which was a development outside of Marianne's control and without misconduct on her part.[2]  As we determine on a related appeal, the court's own finding that Reppert was unable to continue to represent Marianne due to health reasons brought about a statutory stay of proceedings as of March 14, 2016, which continued until July 25, 2016 (*see Matter of Cassini*, ___ AD3d ___ [Appellate Division Docket No. 2018-00747; decided herewith]).

While we have concluded that the Surrogate's Court effectively gave Marianne notice on June 8, 2016, to appoint another attorney, its strict adherence to a July 25, 2016, trial date failed to give Marianne a reasonable opportunity to obtain the representation of counsel in this protracted and complicated matter.  While Marianne admittedly knew by April 2016 that she needed to obtain new counsel, and was then seeking replacement counsel, she was not given notice of a deadline by which she had to have new counsel in place until June 8, 2016.  By that time, she had a prospective attorney, McKay, who was prepared to enter an appearance for her, provided that he was given a reasonable amount of time to prepare for the forthcoming trial.  Given the lengthy history of this matter, it was not unreasonable for an incoming attorney to seek additional time within which to

---

[1] We note that Kaplan, then affiliated with a different law firm, represented Marianne on an appeal that was decided in 2012 (*see Matter of Cassini*, 95 AD3d 1311).

[2] Kaplan also averred that Marianne had made statements to him which prevented him from representing her in the absence of Reppert continuing to serve as lead counsel.  We read this averment as meaning that Kaplan would have continued if Reppert had also continued.

February 13, 2020                                                                                          Page 8.

MATTER OF CASSINI, DECEASED

properly prepare for a complex financial trial, not to mention review 28 boxes of files, particularly where the adverse parties were represented by counsel who, like Marianne's former counsel, had been involved in the litigation for years and were well-versed in the voluminous materials. We are also not unmindful that a new attorney entering the case for Marianne in June 2016 would, in addition to having to prepare for trial, have to prepare responses to a pending cross motion by the objectants to appoint a receiver and a pending motion by the objectants to preclude Marianne from offering evidence.

The Surrogate was rightly concerned about the lengthy history of delay in this case, just as we are. However, there was no evident urgency that required the trial to start on July 25, 2016, as opposed to 60 days later, and any prejudice to the objectants could have been readily addressed by appropriate orders dealing with the administration of the estate and its assets. In the overall context of this long-running litigation, an adjournment of 60 days to allow Marianne's prospective counsel, McKay, to prepare for the trial should have been granted. Indeed, the failure to grant it has resulted in additional delay and expense in the conclusion of this estate. Given our preference that matters be determined on their merits, and the absence of any indication on this record that Marianne's motion for an adjournment was made solely for the purpose of delay, the Surrogate's Court should not have rejected the request out of hand.

Accordingly, the order dated December 12, 2016, is reversed, on the facts and in the exercise of discretion, the petitioner's motion for an adjournment of the trial date is granted, and the matter is remitted to the Surrogate's Court, Nassau County, for a new trial to be conducted expeditiously upon the expiration of 60 days from the date of service of a copy of this opinion and order with notice of entry upon the petitioner.

LEVENTHAL, COHEN and HINDS-RADIX, JJ., concur.

ORDERED that the order dated December 12, 2016, is reversed, on the facts and in the exercise of discretion, with costs, the petitioner's motion for an adjournment of the trial date is granted, and the matter is remitted to the Surrogate's Court, Nassau County, for a new trial, to be conducted expeditiously upon the expiration of 60 days from the date of service of a copy of this opinion and order with notice of entry upon the petitioner.

ENTER: *Aprilanne Agostino*

Aprilanne Agostino
Clerk of the Court

February 13, 2020                                                                                        Page 9.

MATTER OF CASSINI, DECEASED