UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MARIANNE NESTOR CASSINI and GEMEAUX LTD.,

                              Plaintiff,             **MEMORANDUM**
                                              **AND OPINION**
          -against-                       CV 22-1696 (DG) (AYS)

COUNTY OF NASSAU, BRIAN CURRAN, in his
Official capacity as NASSAU COUNTY PUBLIC
ADMINISTRATOR, JEFFREY DELUCA, KENNETH
MAHON, MARGARET C. REILLY, ROSALIA
BAIAMONTE, JEFFREY MILLER, WILLIAM DOYLE
GALLERIES, INC., JAMES DZURENDS, in his official
capacity as NASSAU COUNTY SHERIFF, JOSEPH
FUCITO, in his official capacity as NEW YORK CITY
SHERIFF, and JOHN DOES 1-10,

                                Defendants.
-------------------------------------------------------------------X
**ANNE Y. SHIELDS, United States Magistrate Judge:**

        Before the Court is Plaintiffs' motion to disqualify Defendant Rosalia Baiamonte's

("Baiamonte") counsel, Jeffrey Miller ("Miller"), who is also a named defendant in this action.

Specifically, Plaintiffs seek to disqualify both Miller and his law firm, Westerman Ball Ederer

Miller Zucker & Sharfstein, LLP, pursuant to Rules 3.7 and 1.7 of the New York Rules of

Professional Conduct. Miller and Baiamonte oppose the motion. For the following reasons, the

motion is denied.

BACKGROUND

        This case arises out of over a decade of litigation before the Nassau County Surrogate's

Court with respect to the Estate of Oleg Cassini (the "Estate"). Plaintiff Marianne Nestor Cassini

("Nestor Cassini") is the widow of Oleg Cassini, a fashion designer, and the chief beneficiary

under his will. (Am. Compl. ¶ 3.) Plaintiff Gemeaux Ltd. ("Gemeaux") is a New York

corporation for which Nestor Cassini serves as Chief Executive Officer and is a fifty-percent

shareholder. (Id. ¶ 4.) Gemeaux's business is television and film licensing, marketing, public

relations, and design. (Id.)

Plaintiffs allege that Nestor Cassini "has been victimized by Defendants as they have

worked in concert to shamefully loot her late husband's estate." (Id. at p.1.) According to

Plaintiffs, Defendants have "abused the legal process to steal the Estate's assets and distribute

them amongst the coconspirators and their other cronies," extending "their thievery" to Nestor

Cassini's "business and personal assets that are not properly part of the Estate." (Id. at p.1-2.)

Named as Defendants are the County of Nassau, the Nassau County Surrogate, the current and

former Nassau County Public Administrators, the Public Administrator's attorney, the court-

appointed Receiver of the Estate (Baiamonte), the Receiver's court-appointed attorney (Miller),

the Nassau County and New York City Sheriffs, a New York City auction house, and various

John Does.

The present iteration of this dispute finds itself here in Federal Court. Factually, it is

based primarily upon three events: (1) the court-ordered arrest of Nestor Cassini after she was

found in contempt of court, (id. ¶¶ 67-72, 85-86); (2) the court-ordered sale of McCouns Lane, a

property owned by Oleg Cassini, Inc., and an asset of the Estate, (id. ¶¶ 73-79, 127); and, (3) the

court-ordered sale of other Estate property by William Doyle Galleries, Inc. – the New York City

auction house. (Id. ¶¶ 93-105.) In all, Plaintiffs assert twelve causes of action: (1) a civil RICO

claim, pursuant to 18 U.S.C. § 1692, against Defendants Jeffrey DeLuca ("DeLuca"), Kenneth

Mahon ("Mahon"), Margaret C. Reilly ("Reilly"), Baiamonte and Miller, (id. ¶¶ 120-37); (2) a

violation of the Due Process clause of the Fourteenth Amendment, pursuant to 42 U.S.C. § 1983

("Section 1983"), against Defendants Reilly, the County of Nassau (the "County"), Brian Curran

("Curran"), DeLuca, James Dzurenda ("Dzurenda"), and Joseph Fucito ("Fucito"), (id. ¶¶ 138-

43); (3) a violation of the Fourth Amendment right against unlawful seizure, pursuant to Section 1983, against Defendants Reilly, the County, Dzurenda, and Fucito, (id. ¶¶ 144-55); (4) a violation of the Eighth Amendment right against excessive bail, fines, and cruel and unusual punishment, pursuant to Section 1983, against Defendants Reilly, the County, and Dzurenda, (id. ¶¶ 156-60); (5) conspiracy in violation of 42 U.S.C. §§ 1985 and 1986 against all Defendants, (id. ¶¶ 161-62); (6) abuse of process against Defendants DeLuca, Mahon, Reilly, Baiamonte, Miller, the County, and Curran, (id. ¶¶ 163-65); (7) conversion against Defendants DeLuca, Mahon, Reilly, Baiamonte, Miller, and William Doyle Galleries, Inc. ("Doyle"), (id. ¶¶ 166-68); (8) breach of fiduciary duty against Defendants Baiamonte, DeLuca, and Curran, (id. ¶¶ 169-73); (9) constructive trust against Defendants Baiamonte, Curran, and Doyle, (id. ¶¶ 174-76); (10) intentional infliction of emotional distress against all Defendants, (id. ¶¶ 177-80); (11) trespass against all Defendants except for Fucito, (id. ¶¶ 181-82); and, (12) unjust enrichment against DeLuca, Mahon, Reilly, Baiamonte, Miller, and Doyle. (Id. ¶¶ 183-85.)

Presently, Plaintiffs move to disqualify attorney Miller and his law firm from further representation of Baiamonte here on the grounds that Miller's representation violates the witness-advocate rule, set forth at Rule 3.7 of the New York Rules of Professional Conduct (the "New York Rules"), and creates a non-waivable conflict of interest in violation of Rule 1.7 of the New York Rules. Miller and Baiamonte oppose the motion as premature. The Court now turns to the merits of the motion.

DISCUSSION

I.     Legal Standard

The question of whether to grant a motion to disqualify counsel is left to the sound discretion of the District Court. See Finkel v. Frattarelli Bros., 740 F. Supp. 2d 368, 372

(E.D.N.Y. 2010) (quoting Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990)). Because disqualification interferes with a person's ability to freely select counsel of their choosing, courts within the Second Circuit look upon disqualification motions with disfavor. See BT Holdings, LLC v. Village of Chester, No. 15 Civ. 1986, 2015 WL 8968360, at *3 (S.D.N.Y. Dec. 14, 2015); Bennett Silverstein Assoc. v. Furman, 776 F. Supp. 800, 802 (S.D.N.Y. 1991). Indeed, the Second Circuit has articulated that a "high standard of proof" is required on motions to disqualify because, "among other things, they are 'often interposed for tactical reasons, and that even when made in the best faith, such motions inevitable cause delay.'" Intellipayment, LLC v. Trimarco, No. 15-CV-1566, 2016 WL 1239261, at *4 (E.D.N.Y. Mar. 29, 2016) (quoting Evans v. Artek Sys. Corp., 715 F.2d 788, 791-92 (2d Cir. 1983)). However, when making a determination as to disqualification, "any doubt is to be resolved in favor of disqualification." Hull v. Celanese Corp., 513 F.2d 568, 571 (2d Cir. 1975) (citation omitted).

The high standard of proof required by the Second Circuit mandates that disqualification be granted only where continued representation would pose a "significant risk of trial taint." Glueck v. Jonathan Logan, Inc., 653 F.2d 746, 748 (2d Cir. 1981) (citation omitted). An attorney's conduct will likely "taint the underlying trial" in situations: "(1) where an attorney's conflict of interests undermines the court's confidence in the vigor of the attorney's representation of his client, or more commonly (2) where the attorney is at least potentially in a position to use privileged information concerning the other side through prior representation." Giambrone v. Meritplan Ins. Co., 117 F. Supp. 3d 259, 268 (E.D.N.Y. 2015) (quoting HLP Properties, LLC v. Edison Co. of N.Y., No. 14 Civ. 1383, 2014 WL 5285926, at *3 (S.D.N.Y. Oct. 16, 2014)).

When addressing motions for disqualification, courts "look to the local rules of professional conduct for guidance." Akagi v. Turin Hous. Dev. Fund Co., No. 13 Civ. 5258, 2017 WL 1076345, at *2 (S.D.N.Y. Mar. 22, 2017) (quoting AVRA Surgical, Inc. v. Dualis MedTech GmbH, No. 13 Civ. 7863, 2014 WL 2198598, at *2 (S.D.N.Y. May 27, 2014)). Such rules, however, "merely provide general guidance and not every violation of a disciplinary rule will necessarily lead to disqualification." Hempstead Video, Inc. v. Inc. Vill. of Valley Stream, 409 F.3d 127, 132 (2d Cir. 2005).

II.    Plaintiffs' Asserted Grounds for Disqualification

As set forth above, Plaintiffs argue that Miller's representation of Baiamonte here violates the witness-advocate rule, set forth at Rule 3.7 of the New York Rules, and creates a non-waivable conflict of interest in violation of Rule 1.7 of those rules. The Court finds neither argument persuasive and, in any event, finds the within motion wholly premature in light of the procedural posture of this action.

A.    The Witness-Advocate Rule

"The witness-advocate rule, set forth in Rule 3.7 of the New York Rules of Professional Conduct, provides, with certain exceptions, that "[a] lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact.'" Finkel, 740 F. Supp. 2d at 372-73 (quoting N.Y. Rules Prof'l Conduct R. 3.7(a)) (alteration in original) (additional citations omitted). Disqualification pursuant to this rule "is warranted only where the testimony given by counsel is 'necessary.'" Finkel, 740 F. Supp. 2d at 373 (quoting Purgess v. Sharrock, 33 F.3d 134, 144 (2d Cir. 1994)) (additional citation omitted). In considering the necessity of the testimony, the court should examine factors

such as "the significance of the matters, weight of the testimony, and availability of other evidence." Finkel, 740  F. Supp. 2d at 373 (citation omitted).

In addition, the party seeking to disqualify the attorney must demonstrate that the testimony by the attorney is "substantially likely to be prejudicial" to his or her client. Prout v. Vladeck, 316 F. Supp.3d 784, 809 (S.D.N.Y. 2018) (quoting Decker v. Nagel Rice, LLC, 716 F. Supp. 2d 228, 231 (S.D.N.Y. 2010)). The movant "bears the burden of demonstrating specifically how and as to what issues in the case the prejudice may occur and that the likelihood of prejudice occurring [to the witness-advocate's client] is substantial." Murray v. Metropolitan Life Ins. Co., 583 F.3d 173, 178 (2d Cir. 2009) (citation omitted) (alteration in original). "'Prejudice' in this context means testimony that is 'sufficiently adverse to the factual assertions or account of events offered on behalf of the client, such that the bar or the client might have an interest in the lawyer's independence in discrediting that testimony.'" Murray, 583 F.3d at 178 (quoting Lamborn v. Dittmer, 873 F.2d 522, 531 (2d Cir. 1998)).

Plaintiffs argue that because this action involves allegations that Baiamonte, Miller, and Reilly conspired to unlawfully deprive the Estate – and Nestor Cassini – of substantial assets for their own financial gain, permitting Miller to represent Baiamonte here would "allow the conspiracy to extend into the proceedings before this Court." (Pl. Mem. of Law 7.) Plaintiffs then go on to argue that Miller "ought to" testify in this litigation; not that such testimony is necessary. (Id. 8.) Baiamonte and Miller argue that the motion to disqualify is wholly premature since issue has not yet been joined, there is a pending motion to dismiss, and all discovery has been stayed. (Def. Mem. of Law in Opp'n 7.) The Court agrees with Baiamonte and Miller.

"The witness-advocate rule is concerned with preventing potential taint at trial." Prout, 316 F. Supp. 3d at 809 (citation omitted) (emphasis in original). As such, "where there has been

only limited discovery and it is not yet clear the extent to which an attorney's testimony might be necessary or prejudicial, numerous courts have found that motions to disqualify counsel are premature." Id. (citing Ross v. Blister, No. 09-cv-8666, 2009 WL 4907062, at *3 (S.D.N.Y. Dec. 21, 2009) (collecting cases)); see also Gormin v. Hubregsen, No. 08 Civ. 7674, 2009 WL 508269, at *3 (S.D.N.Y. Feb. 27, 2009) (noting that prior to discovery, "it is impossible to determine how significant [the attorney] might be as a witness or whether he is likely even to be called as a witness; whether his testimony would likely help or hurt his client; or whether his testimony would or would not be cumulative of other witnesses."). Plaintiffs appear to acknowledge the prematurity of their motion by stating in their motion papers that "it is unknows [sic] what the nature of Mr. Miller's testimony would be" since they "do not yet know for certain what the facts and evidence will bear out." (Pl. Mem. of Law 11, 14.) This is precisely why motions for disqualification are routinely denied at this premature juncture.

Moreover, numerous courts have also held that the witness-advocate rule addresses only "counsel's participation at trial, and does not bar counsel's participation in pre-trial proceedings." Interpharm, Inc. v. Wells Fargo Bank, N.A., No. , 2010 WL 1141201, at *4 (S.D.N.Y. Mar. 25, 2010) (collecting cases); see also Amusement Indus., Inc. v. Stern, 957 F. Supp. 2d 458, 461 (S.D.N.Y. 2009) ("Allowing an attorney to continue his representation pre-trial does nothing to undermine th[e] interests [of the advocate-witness rule], and protects the clients' right to choose their own counsel."). "[T]he concerns that justify disqualification of an attorney who will be a witness are not implicated at the pretrial stage." Interpharm, 2010 WL 1141201, at *4. The motion to disqualify Miller based upon the witness-advocate rule is simply

premature at this time. Accordingly, the motion is denied without prejudice to renewal at the time of trial.[1]

      B.    <u>Conflict of Interest</u>

        Plaintiffs also seek Miller's disqualification pursuant to Rule 1.7 of the New York Rules, which prevents an attorney from representing a client "if a reasonable lawyer would conclude that either (1) the representation will involve the lawyer in representing differing interests; or (2) there is a significant risk that the lawyer's professional judgment on behalf of a client will be adversely affected by the lawyer's own financial, business, property or other personal interests." N.Y. Rules Prof'l Conduct R. 1.7(a). Subsection (1) is not applicable here since Miller only represents Baiamonte and is represented himself by separate counsel.

        Under subsection (2), "the mere existence of financial or business interests does not warrant disqualification. Rather, there must be a significant risk that these interests will adversely affect[] the lawyer's exercise of professional judgment on behalf of the client." <u>Craig v. City of New York</u>, No. 1:20-cv-2152, 2022 WL 2238451, at *6 (E.D.N.Y. June 22, 2022) (citation and internal quotation marks omitted) (alteration in original). Disqualification pursuant to this rule "is warranted only in essentially two kinds of cases: (1) where an attorney's conflict of interests . . . undermines the court's confidence in the vigor of the attorney's representation of his client, or more commonly (2) where the attorney is at least potentially in a position to use privileged information concerning the other side through prior representation," the latter of which does not apply here. <u>Id.</u> (citation and internal quotation marks omitted). "[T]he mere appearance of impropriety is insufficient to disqualify an attorney." <u>Id.</u> (citing <u>Paramount</u>

---

[1] Because Plaintiffs' motion to disqualify on the basis of the witness-advocate rule is being denied as premature, there is no need to reach their additional argument that disqualification should be imputed to Miller's entire law firm at this time.

Commc'ns, Inc. v. Dougherty, 858 F. Supp. 391, 394 (S.D.N.Y. 1994). Rather, "the party seeking disqualification must offer more than vague and conclusory allegations to meet its burden of demonstrating that a conflict of interest exists." Craig, 2022 WL 2238451, at *6 (citation and internal quotation marks omitted).

Plaintiffs argue that because Miller is a named defendant in this action, he has an impermissible personal interest in the litigation, which will cause him to "naturally be primarily concerned with defending himself" against the allegations in the Amended Complaint. (Pl. Mem. of Law 13.) Plaintiffs further argue that if their allegations "are true as to Mr. Miller but not as to his client, Ms. Baiamonte, it cannot reasonably be expected that he would put forward evidence that has the effect of exonerating Ms. Baiamonte but implicating himself in the conspiracy and other wrongs alleged." (Id.) Thus, according to Plaintiffs, there is "an unavoidable conflict" in Miller's representation of Baiamonte "or, at best, a potential conflict." (Id. 13-14.)

At this point Plaintiffs' arguments are nothing more than speculation. Like the portion of their motion based on the witness-advocate rule, a motion to disqualify based on Rule 1.7 is also premature. No discovery has been conducted and the District Court has not yet ruled on the viability of Plaintiff's claims beyond the pleading stage. It is thus unclear whether Plaintiffs' Amended Complaint is sufficient to withstand a motion to dismiss. Plaintiffs seek to disqualify Miller based on the mere fact that he is a named defendant in this action, without any factual support for their supposition as to how Miller's interests fail to align with Baiamonte's. As such, Plaintiffs have failed to meet their burden and the motion to disqualify Miller pursuant to Rule 1.7 is also denied at this time.

<u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs' motion to disqualify Jefferey Miller as counsel for

Rosa Baiamonte is denied, without prejudice to renewal prior to trial.

**SO ORDERED:**

Dated: Central Islip, New York
        October 20, 2023                                    /s/        Anne. Y. Shields
                                                            ANNE Y. SHIELDS
                                                            United States Magistrate Judge